ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Military Aircraft Parts | ) ASBCA No. 60739 |
| | ) |
| Under Contract No. SPM4A7-11-M-T117 | ) |

APPEARANCE FOR THE APPELLANT:     Mr. Robert E. Marin
        President

APPEARANCES FOR THE GOVERNMENT:     Daniel K. Poling, Esq.
        DLA Chief Trial Attorney
        Edward R. Murray, Esq.
        Trial Attorney
        DLA Aviation
        Richmond, VA

## OPINION BY ADMINISTRATIVE JUDGE WILSON ON THE GOVERNMENT'S MOTION TO DISMISS

The Defense Logistics Agency (DLA or government) moves to dismiss the appeal for lack of jurisdiction alleging that Military Aircraft Parts (MAP or appellant) did not file its notice of appeal with the Board within the 90-day appeal period from the date of receipt of the contracting officer's final decision (COFD). MAP counters that appeal language in the COFD was defective, and thus the 90-day time limit was tolled. We grant the motion and dismiss the appeal.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 9 August 2011, DLA awarded Contract No. SPM4A7-11-M-T117 to MAP for aircraft parts for a total price of $8,950.00 (compl. ¶ 6; gov't mot., ex. 1). The contract included FAR 59.209-4, FIRST ARTICLE APPROVAL –GOVERNMENT TESTING (SEP 1989), which provided in pertinent part:

> (a)  The Contractor shall deliver 1 unit (s) of
> Lot/Item...within 180 calendar days from the date of this
> contract to the Government....
>
> (b)  Within 120 calendar days after the Government
> receives the first article, the Contracting Officer shall
> notify the Contractor, in writing, of the conditional
> approval, approval, or disapproval of the first article.

(Gov't mot., ex. 1 at 15)

2. By letter dated 2 October 2012, the contracting officer (CO) notified appellant that its first article submission was disapproved. Appellant was given the opportunity to resubmit another first article sample for testing. The CO further advised that "[t]he failure to resubmit may result in the termination of this contract for default." (Compl., ex. D)

3. There is nothing in the record which indicates that MAP provided a schedule for resubmittal or delivered the required item as requested.

4. By letter dated 21 February 2013, the CO issued a ten-day cure notice requiring appellant, *inter alia*, to propose a new delivery date, identify which work still needed to be accomplished, and "[p]ropose appropriate consideration for your delinquency" (compl., ex. H). Appellant responded via email dated 22 March 2013 stating "We would prefer to cancel this contract if possible, but if a [sic] urgent requirement still exists we can provide a new first article sample within 60 days of notification" (compl., ex. I).

5. On 2 April 2013 the CO issued Modification No. P00001, partially terminating the contract for default. The modification included the following language:

> THIS IS THE FINAL DECISION OF THE
> CONTRACTING OFFICER. YOU MAY APPEAL THIS
> DECISION TO THE ARMED SERVICES BOARD OF
> CONTRACT APPEALS. IF YOU DECIDE TO MAKE
> SUCH AN APPEAL, YOU MUST MAIL OR
> OTHERWISE FURNISH WRITTEN NOTICE THEREOF
> TO THE BOARD WITHIN NINETY DAYS FROM THE
> DATE YOU RECEIVE THIS DECISION.
>
> ...IN LIEU OF APPEALING TO THE ARMED
> SERVICES BOARD OF CONTRACT APPEALS YOU
> MAY BRING AN ACTION DIRECTLY IN THE U.S.
> COURT OF FEDERAL CLAIMS WITHIN TWELVE
> MONTHS OF THE DATE YOU RECEIVE THIS
> DECISION.

(Compl., ex. J) We find that this language complies with FAR 33.211 which requires essentially the language used by the CO.

2

6. On 15 August 2016, MAP filed an appeal with the Board, more than 3 years beyond the 90-day appeal period (which appellant concedes was 1 July 2013) and was docketed as ASBCA No. 60739. In its complaint, MAP alleges the following:

> 21. As defined in the termination modification, the 90-day period for timely submission of appeal before the ASBCA was approximately 2 April 2013 to 1 July 2013. The same modification, which MAP elected to rely upon, alternately states MAP could file an action before the COFC [U.S. Court of Federal Claims], approximately between 2 April 2013 and 2 April 2014.
>
> 22. On 14 January 2014 while developing another COFC complaint challenging a DLA termination for default...MAP unexpectedly determined COFC Rule 83.1(a)(3) prohibited MAP from proceeding *pro se* before the COFC; *pro se* litigation was the only option MAP could practically afford. Thus MAP had allowed the 90-day period for appeal before the ASBCA to expire while actively researching and engaging in appeal litigation intended for the COFC.

(Compl. at 4)

## DECISION

DLA moves to dismiss, arguing that as the COFD was issued on 2 April 2013 and MAP did not file its appeal with the Board until 15 August 2016, the appeal is well beyond the 90-day appeal period and must be dismissed for lack of jurisdiction as untimely (gov't mot. at 1). MAP replied that the motion should be denied because the CO provided defective appeal rights, specifically that the CO did not advise appellant that it could not file a *pro se* action at the Court of Federal Claims and that it relied on said defective appeal rights to its detriment (app. reply at 1; compl. at 4). The government replies that detrimental reliance is not relevant because MAP was properly advised of its appeal rights. The government contends that appellant is asking the Board to impose an additional requirement, that the CO advise appellant of the procedural rules of the Court of Federal Claims, something neither the CDA nor FAR 33.211 requires. (Gov't reply at 1-2) We agree.

The Contract Disputes Act of 1978 requires a contractor wishing to appeal a COFD to the Board to do so within 90 days from the date of receipt of the final decision. 41 U.S.C. § 7104(a). It is well-settled that the Board lacks jurisdiction over any appeal filed outside of this 90-day period, which is statutory and cannot be waived by the Board. *TTF, LLC*, ASBCA No. 59511 *et al.*, 15-1 BCA ¶ 35,883 at 175,434 (citing *Frasson Lodovico S.r.l.*, ASBCA No. 58645, 14-1 BCA ¶ 35,525 at 174,114; *AST Anlagen-und*

3

*Sanierungstechnik GmbH*, ASBCA No. 51854, 04-2 BCA ¶ 32,712 at 161,836; *Mid-Eastern Industries, Inc.*, ASBCA No. 51287, 98-2 BCA ¶ 29,907 at 148,065; *Cosmic Construction Co. v. United States*, 697 F.2d 1389, 1390 (Fed. Cir. 1982)).

Here, appellant admits that it filed its appeal well beyond the 90-day filing period (SOF ¶ 6). The appeal language provided by the CO in the termination modification was neither incomplete nor misleading (SOF ¶ 5). Accordingly, its argument regarding detrimental reliance is not persuasive. Thus, the appeal is untimely and we lack jurisdiction over it. *TTF, LLC*, 15-1 BCA ¶ 35,883 at 175,434.

## CONCLUSION

The appeal is dismissed with prejudice.

Dated:  12 October 2016

OWEN C. WILSON
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60739, Appeal of Military Aircraft Parts, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4